IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANK C. WARD, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| KELLERMEYER BERGENSONS, SERVICES, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Frank C. Ward ("Plaintiff" or "Mr. Ward"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

### I.      NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## II.      ADMINISTRATIVE PROCEDURES

### 2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed his Charge of Discrimination against Kellermeyer Bergensons, Services, LLC. The EEOC issued its Notice of Right to Sue on June 16, 2022.

### 3.

On June 8, 2021, Defendant Kellermeyer Bergensons, Services, LLC, ("Defendant") submitted its position statement to the EEOC.

### 4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.     JURISDICTION AND VENUE

### 5.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

### 6.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.    PARTIES

7.

Plaintiff is an African American male.

8.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, at 2 Sun Court Suite 400, Peachtree Corners, GA 30092.

11.

Defendant is now and, at all times relevant hereto, has been a foreign limited liability company.

12.

Defendant is engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the

requisite duration under Title VII.  Defendant is therefore covered under Title VII in

accordance with 42 U.S.C. § 2000e(b).

## V.      FACTUAL ALLEGATIONS

13.

Mr. Ward began working for Defendant on or about June 10, 2017, as a Site

Manager.

14.

Mr. Ward was later promoted to Zone Manager on or about July 1, 2019.

15.

Mr. Ward worked with the company for over two (2) years without any

problems or performance issues with the company.

16.

During Mr. Ward's time at the company, he was the only African American

male manager.

17.

Mr. Ward was asked to train/certify Alfredo Litardo and Robert Fernandez for

the forklift on or about September 6, 2019.

18.

Mr. Ward received recognition and praise for his assigned contracts with

Amazon warehouse on or about September 16, 2019.

19.

On or about September 3, 2020, Plaintiff attended a meeting where the Regional Vice President Mike Haddix advised that Alfredo Litardo would now be taking over the Southeast District.

20.

On or about November 2, 2020, Plaintiff received an e-mail from Alfredo Litardo with HR Manager Jack Bowe and Vice President Gary Sharpton copied on the e-mail alleging poor performance and that Plaintiff was not following instructions.

21.

Plaintiff replied to the e-mail advising that he felt that he was being targeted and mistreated.

22.

Plaintiff's e-mail went ignored and Alfredo Litardo continued harassing the Plaintiff as well as micromanaging him.

23.

Alfredo began assigning Hispanic workers over the Plaintiff even though the Plaintiff had more experience and seniority with the workers being assigned.

24.

In November of 2020, Plaintiff filed an internal complaint with Human Resources regarding the discriminatory treatment and harassment he was enduring.

25.

Plaintiff's complaint was ignored, and he was still being targeted by Alfredo.

26.

On or about December 3, 2020, Alfredo began reassigning the Plaintiff's job duties so that the Plaintiff would have to travel out of Georgia to Alabama for contracts.

27.

The Plaintiff was terminated on or about January 28, 2021, for alleged poor performance.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

29.

Others outside of the Mr. Ward's protected class were treated differently.

30.

Mr. Ward worked for Defendant for over 2 years and no problems until Alfredo Litardo was promoted.

31.

Defendants knew that Mr. Litardo was racist and was discriminating against the Plaintiff but did nothing.

## VI.      CLAIMS FOR RELIEF

### COUNT I & COUNT II:
### RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

32.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

34.

Defendant violated Plaintiff's rights under Title VII by subjecting him to a hostile environment because of his race, which materially affected the terms and conditions of Plaintiff's employment.

35.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race, in violation of Title VII.

36.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

37.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities

38.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

39.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

40.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

Plaintiff is a member of a protected class, i.e. he is an African-American and black in color.

43.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

44.

Defendant violated Plaintiff's rights under Title VII by subjecting him to a hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

45.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

46.

Plaintiff engaged in protected conduct when he complained about race-based discrimination and harassment.

47.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

48.

There was a causal connection between the protected conduct and the adverse action.

49.

Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Title VII.

50.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

51.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

53.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III & COUNT IV

## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

54.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

55.

Plaintiff is an African-American and black in color.

56.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

57.

Plaintiff performed his contractual obligations.

58.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

59.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment with Defendant.

60.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

61.

Plaintiff is a member of a protected class.

62.

Plaintiff was subjected to severe and pervasive racial harassment because of his race.

63.

The racial harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

64.

Defendant is liable for the racial harassment of Plaintiff under a theory of vicarious or direct liability.

65.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

66.

As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

67.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

68.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

69.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race and color in violation of 42 U.S.C. § 1981.

70.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

71.

Plaintiff is African-American and black in color.

72.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

73.

Plaintiff performed his contractual obligations.

74.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

75.

Plaintiff is a member of a protected class.

76.

Plaintiff's complaints and opposition to discriminatory conduct constitute

protected activity under 42 U.S.C. § 1981.

77.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

78.

There was a causal connection between the protected conduct and the adverse action of termination.

79.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

80.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

81.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

Respectfully submitted the 19th day of September 2022.

Respectfully submitted,

**THE LEACH FIRM, P.A.**

/s/Adeash Lakraj_____
    Adeash A.J. Lakraj
    GA Bar No. 444848
    631 S. Orlando Ave, Suite 300
    Wells Fargo Building
    Winter Park, FL 32789
    Telephone: 770.728.8478
    Facsimile: 833.423.5864
    Email: alakraj@theleachfirm.com
    *Attorneys for Plaintiff*

17